```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Joshua Kelly Esskew, | ) |
|                 Plaintiff, | ) C/A No. 6:12-1354-JFA-KFM |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Freddie Arwood; Bruce Bryant; Richard Martin; | ) **FOR PARTIAL DISMISSAL** |
| Tammy Dover; Judy Parrish; Betty Kissinger; | ) |
| James Jewell, | ) |
|                 Defendants. | ) |

Joshua Kelly Esskew ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the York County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims violation of Plaintiff's constitutional rights based on the defendants' alleged indifference to Plaintiff's medical needs and seeks monetary damages. The complaint fails to state a claim under § 1983 against defendants Bruce Bryant, Richard Martin, Judy Parrish, and Betty Kissinger, so these four defendants should be summarily dismissed. Service of the complaint on the remaining three defendants was directed in a separate order.

## DISCUSSION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and submit findings and recommendations to the district court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se*

litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The caption of the complaint and the list of defendants on page two of the complaint identify Bruce Bryant, Richard Martin, Judy Parrish, and Betty Kissinger as defendants. The statement of claim, however, contains no factual allegations attributed to these individuals. Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The statement of claim mentions actions attributed to other individuals named as defendants, but makes no mention of defendants Bryant, Martin, Parrish, and Kissinger.

The complaint does not explain how the actions or inactions of these individuals violated Plaintiff's constitutional rights. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than list a name as a party defendant without supporting factual allegations to state a claim. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court explains that the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, which requires a "short plain statement of the claim," does not "suffice if [the complaint] tenders 'naked assertion[s]'" "devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). The complaint in this case falls short of this requirement in its stark assertion that individuals Bryant, Martin, Parrish, and Kissinger are liable as defendants. *Twombly*, 550 U.S. at 556 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint fails to state a claim against defendants Bruce Bryant, Richard Martin, Judy Parrish, and Betty Kissinger, so they should be dismissed as defendants in this case.

## RECOMMENDATION

Accordingly, it is recommended that defendants Bruce Bryant, Richard Martin, Judy Parrish, and Betty Kissinger be dismissed in this case, without service of process. The recommended dismissal of these defendants does not affect the service of the complaint on the remaining defendants.

s/ Kevin F. McDonald
United States Magistrate Judge

June 19, 2012
Greenville, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).