IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Kelly Esskew,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Freddie Arwood, Tammy Dover, and<br>James Jewell,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:12-1354-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The plaintiff, appearing *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. In his complaint, which was brought while he was a detainee in the York County Detention Center, the plaintiff alleged that the defendants were deliberately indifferent to his back pain and mental health issues.

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

　　　　On September 28, 2012, defendant Jewell filed a motion for judgment on the pleadings. By order of this court filed October 1, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due by November 5, 2012.

　　　　On October 17, 2012, defendants Arwood and Dover filed a motion for summary judgment. Another *Roseboro* order was issued that same day, again advising the

plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due by November 26, 2012. The *Roseboro* order was returned as undeliverable on October 24, 2012.

The court filed a second order on November 8, 2012, giving the plaintiff through December 3, 2012, to file his responses to the motion for judgment on the pleadings by defendant Jewell and the motion for summary judgment by defendants Arwood and Dover. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The order was returned to the court as undeliverable on November 16, 2012, with the notation "Released, timed served" marked on the envelope. The plaintiff did not file a timely response to either dispositive motion.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff was ordered to keep the court advised in writing of any address change (doc. 12). He has not done so. It is solely through the plaintiff's neglect that no response has been filed. Meanwhile, the defendants are left to wonder when the action will be resolved. The plaintiff has not responded to the defendants'

motions or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 4, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.